**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN MATTOX,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant - Appellee.

No. 09-15351

D.C. No. 2:06-cv-01698-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Submitted March 9, 2010[**]
San Francisco, California

Before: FERNANDEZ, HAWKINS and THOMAS, Circuit Judges.

Karen Mattox ("Mattox") appeals the adverse summary judgment upholding the

Commissioner of Social Security's denial of her application for disability insurance

benefits under Title II of the Social Security Act. We reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a district court's order affirming denial of social security benefits de novo, *Vasquez v. Astrue*, 572 F.3d 586, 590 (9th Cir. 2009), and we may set aside the Commissioner's denial of benefits when the administrative law judge's ("ALJ") findings are based on legal error or are not supported by substantial evidence. *Id.* at 591. However, "where the evidence is susceptible to more than one rational interpretation," we must affirm the decision of the ALJ. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

Even assuming Mattox's waiver of her right to counsel was improper, the ALJ developed a record in this case that was neither ambiguous nor inadequate to preclude a proper evaluation of the evidence, *see Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001), meaning Mattox was not prejudiced in the proceeding. *Vidal v. Harris*, 637 F.2d 710, 714 (9th Cir. 1981).

The ALJ did, however, fail to provide a clear and convincing reason for discounting Mattox's testimony, *see Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996), and improperly credited testimony of a nontreating, nonexamining physician over contradictory testimony of both a treating physician and an examining physician without articulating a legitimate reason, *see Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (ALJ must provide "specific and legitimate" reasons for discounting treating and examining physicians' contradicted opinions).

As for Mattox's testimony, the purported inconsistencies in her statements regarding the weight she could lift, auditory hallucinations she heard, and anxiety she experienced, are actually consistent with evidence in the record and cannot suffice as clear and convincing evidence to discount her testimony. Similarly, the ALJ failed to state whether he credited the lay testimony of Mattox's boyfriend, and, if he did not, to provide a clear and convincing justification for failing to do so.

Considering the medical evidence, the ALJ essentially rejected the conclusions of Mattox's treating physician Dr. Hutchinson and Dr. Straehley, an examining physician, as based on Mattox's subjective complaints. As we have explained, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). Yet, Mattox's complaints have not been "properly discounted" because there are no legitimate inconsistencies, no evidence suggesting she is lying, and no evidence of any malingering. *See Smolen*, 80 F.3d at 1284. In fact, objective observation and testing bore out her complaints. Thus, under any standard, the ALJ erred in choosing to accept a nontreating, nonexamining doctor's opinion over that of a treating physician

with a six-year treatment history with Mattox, as well the opinion of an examining physician, without a legitimate reason.

Because the ALJ failed to provide reasons to not credit Mattox's testimony and the medical evidence, we must reverse and remand for proper consideration of the evidence or adequate justification for its exclusion. Because of the failure to provide adequate justification for not crediting lay testimony and medical evidence, we also remand for consideration, pending these evidentiary determinations, of whether Mattox met the requirements of Listing 12.04. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1; *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 975-76 (9th Cir. 2000) (remanding a denial of benefits where the fact-finder erred in failing to consider lay evidence). On remand, the evidentiary questions may also require the ALJ to reexamine the vocational expert, posing more complete hypotheticals taking Mattox's actual limitations, which a proper consideration of the evidence may establish, into account. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988).

In sum, the ALJ erred in failing to provide clear and convincing reasons for rejecting Mattox's testimony regarding the severity of her symptoms, and neglecting to provide legitimate reasons to reject the opinions of her treating and examining physicians. These errors resulted in further errors in the consideration of whether Mattox met a listing and the posing of legally inadequate hypotheticals to the

4

vocational expert. We therefore reverse the judgment of the district court, with instructions to remand this case to the agency for redetermination of eligibility for benefits.

**REVERSED and REMANDED WITH INSTRUCTIONS.**